UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY FARRIER                          CIVIL ACTION

VERSUS                                   NUMBER:  19-1920

ROBIN PITTMAN, <u>ET</u> <u>AL</u>.              SECTION:  "J"(5)

## <u>REPORT AND RECOMMENDATION</u>

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Anthony Farrier, against Defendants, Judge Robin Pittman of the Criminal District Court for the Parish of Orleans and Warden Darryl Vannoy of the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.  (Rec. docs. 4, pp. 1, 3; 6).

Plaintiff is an inmate of the LSP who is serving a sentence of 75 years, the first 25 of which are to be served without benefit of parole, probation, or suspension of sentence, following his January 9, 2014 conviction for sexual battery of a victim under the age of 13 in the Criminal District Court for the Parish of Orleans.[1/]   As his statement of claim herein, Plaintiff alleges as follows:

> Plaintiff, Anthony Farrier, is being denied of his liberty, by Judge Robin Pittman and Warden Darryl Vannoy, in violation of Plaintiff's Sixth Amendment Equal Protection through the Fourteenth Amendment Bill of Rights provision.  See additional pages attached.

(Rec. doc. 4, p. 4).

By way of a handwritten "Additional Statement[ ]," Plaintiff goes on to argue that the evidence adduced at his trial was insufficient to support a guilty verdict under the *Jackson*[2/]

---

[1/] Details pertaining to Plaintiff's conviction were obtained from the record of a 28 U.S.C. §2254 habeas proceeding that he unsuccessfully litigated here, *Farrier v. Vannoy*, No. 17-CV-7955 "R"(1).
[2/] *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979).

standard.  (*Id.* at p. 6).  In addition to the minutes from his trial and sentencing, the former of which reflect that he was found guilty by a non-unanimous jury after one hour and 35 minutes of deliberations, Plaintiff also attaches to his complaint a copy of a counseled motion for post-verdict judgment of acquittal premised on *Jackson* and Judge Pittman's order denying that motion three days before his sentencing.  (Rec. docs. 4-1 to 4-3).  In his prayer for relief, Plaintiff asks that this Court reverse Judge Pittman's denial of his post-verdict motion and enter a judgment of acquittal, as his guilty verdict was essentially found to be sufficient by a judge rather than a jury, thus denying him of his Sixth and Fourteenth Amendment rights.  (Rec. doc. 1, pp. 7-8).  In his recently-filed amended complaint, Plaintiff reiterates that the post-trial motion practice employed by Judge Pittman allows the state to affirm convictions by "masquerading" them as sufficiency-of-evidence questions in derogation of his Sixth Amendment jury-trial rights.  (Rec. doc. 7).

As noted above, Plaintiff is proceeding *in forma pauperis* in this matter pursuant to 28 U.S.C. §1915.  (Rec. doc. 3).  As directed by that statute, courts are to dismiss such matters at any time it is determined, *inter alia*, that the action is "… frivolous or malicious …" 28 U.S.C. §1915(e)(2)(B)(i).  *See also* 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c)(1).  A complaint is frivolous if the claims alleged therein have no arguable basis in law or fact.  *Booker v. Koonce*, 2 F.3d 114, 115 n. 6 (5th Cir. 1993).  A complaint is malicious if the claims presented therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Although "frivolous" precedes "malicious" in the aforementioned statute, those two bases of dismissal will be addressed in opposite order.

In *Farrier v. Pittman, et al.*, No. 18-CV-11524 "F"(1), a case that was pending before another section of the court, Plaintiff sued Judge Pittman, Warden Vannoy, and Orleans Parish District Attorney Leon Cannizzaro under §1983, alleging that his non-unanimous jury verdict deprived him of his Sixth and Fourteenth Amendment rights.  (No. 18-CV-11524, rec. doc. 3).  Following the issuance of a Report and Recommendation by the assigned Magistrate Judge, on February 1, 2019, judgment was entered dismissing that matter with prejudice until such time as the conditions set forth in *Heck*[3] were met.  (*Id.*, rec. docs. 6, 9, 10).  That judgment has now become final.

The claims that Plaintiff makes in this matter closely parallel those that he made in his previous §1983 action against Judge Pittman, Warden Vannoy, and DA Cannizzaro.  A complaint is malicious and subject to dismissal under §1915(e)(2)(B)(i) "... when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' <u>or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation</u>."  *McGill v. Juanita Kraft Postal Services*, No. 03-CV-1113, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2003), *adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003)(emphasis added)(quoting *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)).  The rationale behind these decisions is that the privilege of proceeding *in forma pauperis* at government expense does not entitle a plaintiff to a second "... bite at the litigation apple ..." with respect to claims arising out of a common set of facts.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  As Plaintiff's previous §1983 action is no longer pending, the dismissal in this case of his renewed claims against Judge Pittman and Warden Vannoy should be with prejudice.

---

[3] *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Not only is this action malicious, it is also frivolous.  With respect to the first-named Defendant, Judge Pittman, the alleged the conduct of which Plaintiff complains concerns the manner in which the Judge handled a case pending before her, namely, Plaintiff's state-court criminal proceeding.  Such conduct is clearly judicial in nature, triggering the application of judicial immunity.  *Jones v. Judge of the 129th, Harris County District Court*, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).    As such, Plaintiff's §1983 claim against Judge Pittman in her individual capacity fails due to the absolute judicial immunity that the Judge enjoys.  *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993).  Further, any such claim brought against Judge Pittman in her official capacity fails for two reasons.  First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983.  *Washington v. Louisiana*, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. Jun. 30, 2009).  Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment.  *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *Doris v. VanDavis*, No. 08-CV-4138, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

Turning to Warden Vannoy, he obviously had nothing whatsoever to do with the outcome of or rulings made in Plaintiff's state criminal proceeding.  Absent facts establishing personal involvement on the Warden's part, there is simply no valid basis upon which to hold him liable under §1983 in his individual capacity.  *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006)(citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).  Construing Plaintiff's §1983 claim as having been brought against the Warden in his official capacity, Plaintiff fares no better because of the sovereign immunity that the Warden

4

enjoys, *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999), and because state officials like the Warden who are acting in their official capacity are not considered to be "persons" within the meaning of §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

Finally, as was pointed out to Plaintiff in his previous §1983 action against Judge Pittman and Warden Vannoy (No. 18-CV-11524, rec. doc. 6, pp. 2-3), unless and until Plaintiff is able to have his conviction declared invalid by a state or federal tribunal authorized to make such a determination, no §1983 claim respecting alleged improprieties in his criminal trial comes to fruition.  *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994); *Walton v. Parish of LaSalle*, 258 Fed.Appx. 633, 633-34 (5th Cir. 2007); *Collins v. Ainsworth*, 177 Fed.Appx. 377, 379 (5th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 1661 (2006).  Claims which are so barred by *Heck* are legally frivolous.  *Kingery v. Hale*, 73 Fed.Appx. 755 (5th Cir. 2003); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).[4/]

**<u>RECOMMENDATION</u>**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice as frivolous and malicious under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

---

[4/] In light of Plaintiff's previous unsuccessful habeas proceeding here (*see* note 1, *supra*), it would be inappropriate to construe this matter as one brought under §2254 because Plaintiff makes no showing of having obtained leave to proceed with a successive habeas proceeding from the Fifth Circuit as required by 28 U.S.C. §2244(b)(3).

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[5]

New Orleans, Louisiana, this 27th day of March , 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[5] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.